# UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| LINDSAY K. LACY,<br><br>    Plaintiff,<br><br>v.<br><br>ALLIED INTERSTATE, LLC,<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT 3:19-cv-01554<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

**NOW COMES** Lindsay K. Lacy ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd., complaining of the Defendant, Allied Interstate, LLC ("Defendant," or "Allied") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392 for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Texas, Plaintiff resides in the Northern District of Texas and Defendant maintains significant business contacts in the Northern District of Texas.

## PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

5. Defendant Allied "provides accounts receivable, customer retention and debt collection services to blue-chip companies, from a wide range of industries, who employ us to provide these services on their behalf."[1] Located at 12755 Highway 55, Suite 300, Plymouth, Minnesota, Defendant is a third-party collection agency that is in the business of collecting consumer debts on behalf of others, including debt allegedly owed by Plaintiff.

## FACTS SUPPORTING CAUSE OF ACTION

6. In 2007, Plaintiff took out private student loans to fund his college tuition in the amount of approximately $5,000 ("subject debt").

7. On October 1, 2018, Plaintiff filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court, Northern District of Texas, Case number 18-33268-sgj7 ("bankruptcy").

8. Starting in January 2019, and during the pendency of Plaintiff's bankruptcy, Allied began placing collection calls to Plaintiff's cellular phone attempting to collect the subject debt from Plaintiff personally.

9. In that call, Plaintiff spoke to a live representative of Allied who demanded payment on the subject debt. Plaintiff immediately told the representative that he had filed for bankruptcy and that Allied should stop calling him. The Allied representative ended the call.

10. This conversation did nothing to stem the barrage of phone calls Allied forced Plaintiff to endure, as Allied continues to bombard Plaintiff with calls.

---

[1] http://www.allied-interstate.com/about/

11. On April 15, 2019, the Bankruptcy Court entered a Discharge Order in Plaintiff's bankruptcy case discharging all dischargeable debts, including the subject debt.

12. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject debt by Allied, or any other party.

13. Plaintiff's personal liability on the subject debt was extinguished via his bankruptcy discharge, thus terminating the business relationship with Allied, and any of their predecessors, successors and assigns.

14. At all times relevant, Plaintiff was the sole subscriber, owner, possessor, and operator of his cellular telephone number (214) XXX-4609. Plaintiff is and has always been financially responsible for this cellular telephone and its services.

15. Notwithstanding Defendant's actual knowledge of Plaintiff's bankruptcy filing and Plaintiff's request that Defendant cease placing calls to his cellular phone, Defendant placed or caused to be placed no less than 39 harassing phone calls to Plaintiff's cellular phone between January 2019 and the present day.

16. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

17. The phone number that Defendant most often uses to contact Plaintiff is (413) 930-2341, but upon information and belief, it may have used other phone numbers to place calls to Plaintiff's cellular phone.

18. Furthermore, Plaintiff never received a debt validation notice from Allied as required by 15 U.S.C. §1692g.

## DAMAGES

19. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

20. Despite having actual knowledge of Plaintiff's bankruptcy filing and subsequent discharge, Allied brazenly placed collection calls to Plaintiff's cellular phone in an attempt to collect on the subject debt.

21. Plaintiff has expended time and incurred costs consulting with his attorneys as a result of Defendant's false, deceptive, and misleading collection efforts.

22. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the discharged subject debt and suffered emotional distress and mental anguish as Defendant's collection activities led him to believe he was still liable on the subject debt and that his bankruptcy had no legal effect.

23. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses speaking with his attorneys.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

26. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

27. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent credit card accounts allegedly owed to a third party.

28. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

29. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

30. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

31. Section 524(a)(2)-(3) of the Bankruptcy Code, commonly known as the "discharge injunction," prohibits "an act, to collect, recover or offset any such debt as a personal liability of the debtor," and "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect or recover from, or offset against, property of the debtor." 11 U.S.C. §§524(a)(2)-(3).

32. Defendant violated 15 U.S.C. §§1692d, d(5), e(2), e(5), e(7), e(10), f, f(1), and g through its debt collection efforts on a debt discharged in bankruptcy.

 a. **Violations of FDCPA § 1692d**

33. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt. Moreover, Defendant continued placing the relentless calls after Plaintiff advised Defendant that he filed for bankruptcy, no longer owed the subject debt, and demanded that the calls cease.

34. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed no less than 37 harassing phone calls to Plaintiff's cellular phone with calls taking place several times in one day, up to 5 times in one day, without Plaintiff's consent.

  **b. Violations of FDCPA § 1692e**

35. Defendant violated §1692e(2) when it falsely misrepresented the character, amount, or legal status of the subject debt. The subject debt was not owed at the time Defendant demanded payment by virtue of the discharge injunction.

36. Defendant violated §1692e(10) when it used false representations and/or deceptive means to collect and/or attempt to collect the subject debt. The subject debt was not owed at the time Defendant demanded payment by virtue of the discharge injunction.

  **c. Violations of FDCPA § 1692f**

37. Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. The subject debt was not owed at the time Defendant demanded payment by virtue of the discharge injunction. Plaintiff did not have any legal obligation to pay the subject debt by virtue of his discharge injunction on April 15, 2019. Instead, Defendant attempted to dragoon Plaintiff into making a payment on a debt discharged in bankruptcy.

38. Defendant violated §1692f(1) by attempting to collect a debt that was uncollectible and not owed as a matter of law as the discharge injunction precludes collection of any discharged debt. Specifically, Plaintiff did not have any legal obligation to pay the pre-petition subject debt after Plaintiff's Chapter 7 discharge on April 15, 2019.

  **d. Violations of FDCPA § 1692g**

39. Defendant violated §1692g through its initial communication by failing to properly inform Plaintiff as to Plaintiff's rights for debt verification in a manner which was not reasonably calculated to confuse or frustrate the least sophisticated consumer. Despite the foregoing, Defendant through its initial communication demanded payment of the subject debt from Plaintiff

and failed to adequately send Plaintiff his right to dispute the validity of the subject debt within five days of the initial communication.

40. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt that was discharged in bankruptcy.

41. Defendant knew or should have known that the subject debt was uncollectable and not owed as a matter of law.

42. Defendant attempted to coerce and induce the Plaintiff into paying a debt that was not legally owed.

43. Upon information and belief, Defendant has no system in place to identify and cease collection of debts discharged in bankruptcy.

44. As detailed above, Plaintiff was harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff LINDSAY K. LACY respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

47. The alleged subject debt is a "debt" "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

48. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6).

    a. **Violations of TDCA § 391.302**

49. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

50. Defendant violated the TDCA when it continuously called Plaintiff's cellular phone after it knew Plaintiff filed for Chapter 7 bankruptcy protection and after he notified it to stop calling. This repeated behavior of systematically calling Plaintiff's phone despite his demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately make a payment on a debt discharged in bankruptcy. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing him.

51. Upon being told that Plaintiff had filed bankruptcy and to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff LINDSAY K. LACY respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

f. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: June 27, 2019                                        Respectfully Submitted,

/s/ Marwan R. Daher                                         /s/ Omar T. Sulaiman
Marwan R. Daher, Esq.                                       Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*                                     *Counsel for Plaintiff*
Sulaiman Law Group, Ltd                                     Sulaiman Law Group, Ltd
2500 South Highland Avenue                                  2500 South Highland Avenue
Suite 200                                                   Suite 200
Lombard, IL 60148                                           Lombard, IL 60148
Telephone: (630) 537-1770                                   Telephone: (630) 575-8141
mdaher@sulaimanlaw.com                                      osulaiman@sulaimanlaw.com